# **CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE**

This Confidential Settlement Agreement and General Release of All Claims (the "Agreement") is entered into by and between Brian Villanueva ("Villanueva") on the one hand, and FFO Group, LLC, Philip Falcone, and Lisa Falcone (the "Defendants") on the other hand (collectively with Villanueva referred to herein as the "Parties"), and is made with reference to the following:

## **RECITALS**

WHEREAS, Villanueva is a former employee of Defendants;

WHEREAS, certain disputes and controversies have arisen between the Parties with respect to Villanueva's employment with and separation from employment from Defendants;

WHEREAS, on November 6, 2019, Villanueva filed a lawsuit in the U.S. District Court for the Southern District of New York entitled *Brian Villanueva v. FFO Group, LLC, Philip Falcone, individually, and Lisa Falcone, individually*, No. 1:19-cv-10307 (the "Action"), in which Villanueva raised various allegations and brought certain legal claims. Villanueva filed an Amended Complaint on December 16, 2019;

WHEREAS, Defendants deny that they committed any wrongful acts and also deny they have violated any law or any regulation or committed any act that caused Villanueva damage or injury and further deny that Villanueva has been injured, harmed, or damaged;

WHEREAS, without admitting the validity of or any liability for the claims asserted by Villanueva against Defendants with respect to the Action, and any purported claim, both real and potential, it is the intention of the Parties hereto to settle, release and dispose of, fully and completely, any and all disputes, claims, demands and causes of action arising out of, connected with, or incidental to the dealings between Defendants on the one hand and Villanueva on the other, including, without limitation to, any and all disputes, claims, demands and causes of action that have arisen or could arise in connection with the Action as they pertain to Defendants;

WHEREAS, the Parties have agreed to resolve the Action according to the terms and conditions set forth in this Agreement; and,

NOW, THEREFORE, in consideration of the foregoing recitals, and in consideration of the terms and conditions as set forth below, Villanueva and Defendants have entered into this Agreement as follows:

1. Settlement, Compensation and Scope of Release.

    1.1   Settlement.  Upon the execution of this Agreement and the Parties' compliance with the terms and conditions herein, and in full settlement of the Action against Defendants, Villanueva agrees not to pursue any and all disputes, claims, demands and causes of action that have arisen or could arise against Defendants.

   1.2 <u>Settlement Funds</u>.  Defendants agree to pay Villanueva the total lump sum of Sixty Thousand Dollars and Zero Cents ($60,000.00) (the "Settlement Funds").  The Settlement Funds shall be paid as follows:

   (i) one check in the amount of Thirty-Nine Thousand Two Hundred Twenty-Seven Dollars and Eighty-Eight Cents ($39,227.88) made payable to "Brian Villanueva," representing settlement for emotional distress damages.  Defendants will issue an IRS Form 1099 to Villanueva for this amount (said funds shall be listed in Box 3 ["Other Income"]).  Villanueva agrees to provide a completed IRS Form W-9 to Defendants at the time of the delivery of this Agreement executed by him; and

   (ii) one check in the amount of Twenty Thousand Seven Hundred Seventy-Two Dollars and Twelve Cents ($20,772.12) made payable to "Nisar Law Group, P.C." ("Nisar Law Group"), counsel for Villanueva in the Action.  Defendants will issue an IRS Form 1099 to Nisar Law Group for this amount.  Nisar Law Group agrees to provide a completed IRS Form W-9 to Defendants at the time of the delivery of this Agreement executed by him.

   The Settlement Funds will be delivered to Villanueva's counsel—to wit, Casey Wolnowski, Esq., Nisar Law Group, P.C., 570 Lexington Avenue, 16th floor, New York, NY 10022—within thirty (30) calendar days of the date this agreement is executed by Villanueva and sent to Defendants' counsel—to wit, Alexander Spiro, Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Avenue, Fl. 22, New York, NY 10010—along with the necessary IRS Forms W-9.

   1.3 <u>Scope of Release</u>.  For purposes of this Agreement, "Claims" shall mean any and all past or present disputes, claims, demands, causes of action, suits, debts, liens, liabilities, damages, penalties, fines, losses and expenses of any kind or nature whatsoever, whether known or unknown, foreseen or unforeseen, patent or latent, with the exception of any claims that may be brought in connection with enforcing the terms and conditions of this Agreement.

   1.4 <u>No Admission of Liability</u>.  This Agreement is the result of a compromise and for the purpose of settling disputed claims and shall not at any time or for any purpose constitute the evidence of or be considered or deemed any admission of liability or wrongdoing on the part of any party hereto.

2. <u>Release of Claims</u>.  Except for the obligations undertaken in this Agreement, Villanueva hereby fully and forever releases Defendants and its current or former parents, subsidiaries, affiliates, divisions, insurers, re-insurers, officers, employees (including but not limited to Philip Falcone and Lisa Falcone), directors, investors, attorneys, stockholders, agents, successors, assignees, and representatives (collectively, "Releasees") from any and all claims, actions, suits, losses, rights, damages, costs, fees, expenses, accounts, demands, obligations, liabilities, and causes of action of every character, nature, kind or description whatsoever, known or unknown, foreseen or unforeseen, and suspected or unsuspected, arising out of, or relating to any act or omission whatsoever arising from, occurring during or related in any manner to Releasees.

3. Among other things, Villanueva hereby releases fully and forever all claims against the Releasees including without limitation, claims arising out of the Action, and claims under any

state or federal law or regulation, including 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 as amended, the Civil Rights Act of 1870, the Americans with Disabilities Act of 1990 as amended, the Americans with Disabilities Act Amendments Act of 2008, the Age Discrimination in Employment Act, as amended, the Older Workers Benefit Protection Act, the Fair Labor Standards Act of 1938 as amended by the Equal Pay Act of 1963, the Family and Medical Leave Act, the Employee Retirement Income Security Act of 1974, the Civil Rights Act of 1991, the Genetic Information Nondiscrimination Act of 2008, the Lilly Ledbetter Fair Pay Act of 2009, the New York State Human Rights Law, the New York City Human Rights Law, the New York Labor Law, the New York Wage Theft Prevention Act, the New York Codes, Rules and Regulations, the U.S. Patriot Act, the Sarbanes-Oxley Act of 2002, the Dodd–Frank Wall Street Reform and Consumer Protection Act, and any other federal, state or local civil rights, harassment (including, but not limited to, race discrimination and associational race discrimination), disability, discrimination, retaliation, or any theory of contract, criminal, arbitral or tort law.  This also includes a release by Villanueva of any claims for wages, benefits, penalties, breach of contract, wrongful discharge, violation of public policy, intentional or negligent infliction of emotional distress, negligence, negligent investigation or supervision, fraud, loss of consortium, and any other claims relating to or arising out of the relationship between the Parties and any alleged injuries Villanueva may have suffered arising out of that relationship up to and including the date Villanueva executes this Agreement.

Notwithstanding the foregoing, this release is not intended to affect and does not release claims that cannot be released as a matter of law.  Any such term or condition shall be void to the extent that it prohibits or otherwise restricts Villanueva from: (i) initiating, testifying, assisting, complying with a subpoena from or participating in any manner with an investigation conducted by the appropriate local, state, or federal agency; or (ii) filing or disclosing any facts necessary to receive unemployment insurance, Medicaid, or other public benefits to which he may be entitled.

4.      Dismissal of the Entire Action.  As part of the consideration for Defendants entering into this Agreement, Villanueva agrees to dismiss, with prejudice, all claims against Defendants in the Action.  Villanueva agrees to take any and all steps necessary to dismiss his claims against Defendants in the Action, with prejudice, including executing the Stipulation of Dismissal With Prejudice following execution of this Agreement by all parties.  Said Stipulation is attached hereto as Exhibit A and made a part hereof.  Defendants will likewise execute the attached Stipulation of Discontinuance With Prejudice.

4.1     No Other Claims.   Villanueva affirms that he has no pending claims, suits, or charges against Defendants other than those raised in the Action.

5.      Miscellaneous Provisions.

5.1     No Admission of Liability.  The Parties acknowledge and agree that this Agreement does not constitute an admission of liability or wrongdoing of any nature whatsoever by any of the Parties, and that this Agreement shall not be used as evidence of any liability or wrongdoing for any purpose whatsoever except as may be necessary to enforce the terms and conditions of this Agreement.

  5.2 <u>All Wages Will Have Been Paid</u>.  Villanueva acknowledges that upon receipt of the Settlement Funds, he will have been fully compensated for all labor and services performed for Defendants and will have been reimbursed for all business expenses incurred on behalf of Defendants through the date he signed this Release, and that Defendants will not owe Villanueva any expense reimbursement amounts or any wages, including any vacation, paid time off, or sick pay.

  5.3 <u>Work-Related Injuries</u>.  Villanueva acknowledges and agrees that he has not experienced a job-related illness or injury for which he has not already filed a workers' compensation claim.

  5.4 <u>Tax Liability/Effect of Payment</u>.  Villanueva understands and agrees that he is solely responsible for all tax obligations, including all reporting and payment obligations, that may arise as a consequence of this Agreement and payment of the Settlement Funds.  Villanueva agrees to indemnify and hold harmless Defendants and any person or entity affiliated with Defendants from any tax liability or penalties that may arise from this payment.  Villanueva further acknowledges that neither Defendants, nor any of its representatives or attorneys, have made any promise, representation or warranty, express or implied, regarding the tax consequences of any consideration paid to Villanueva pursuant to this Agreement.  Villanueva further acknowledges that Defendants have no obligation to, and shall not, indemnify or defend him in any tax proceedings or from any tax consequences that could result from payments made in accordance with this Agreement.

  5.5 <u>No Re-Employment</u>.  Villanueva agrees that he will not at any future time knowingly seek employment, re-employment, or an independent contractor relationship with Defendants and/or its parent(s), subsidiaries, successors, or any related entities.  Villanueva further agrees that Defendants and/or its parent(s), subsidiaries, successors, or any related entities will have no legal obligation to employ Villanueva in the future and shall not be liable for any damages now or in the future because they have refused to employ Villanueva for any reason whatsoever.  Further, Villanueva agrees that should he make an application for employment and be re-hired, he may immediately be terminated by Defendants and/or its parent(s), subsidiaries, successors, or any related entities for no reason or any reason whatsoever.

  5.6 <u>Non-Disparagement.</u>  Villanueva agrees not to directly or indirectly take, support, encourage or participate in any activity or attempted activity which in any way would disparage Releasees.  Villanueva agrees not to write or speak about Releasees in negative terms or otherwise including, but not limited to, any events or circumstances Villanueva alleges or believes to have occurred during his employment with Defendants, including claims arising out of, alleged to arise out of, or which could have been brought as part of the Action.  Likewise, Philip Falcone and Lisa Falcone (both individually and together) agree not to directly or indirectly take, support, encourage or participate in any activity or attempted activity which in any way would disparage Villanueva.  Philip Falcone and Lisa Falcone both agree not to write or speak about Villanueva in negative terms or otherwise including, but not limited to, any events or circumstances Philip Falcone or Lisa Falcone allege or believe to have occurred during his employment with Defendants.

5.7     Neutral Reference.  Villanueva shall direct any and all employment-related inquiries to Adriana Sisto, or her successor, who shall respond to any and all inquiries as they relate to Villanueva by only confirming Villanueva's dates of employment and last position held.

5.8     Disclosing the Terms and Conditions of this Agreement.  Villanueva agrees that, except as required by law or regulation, he will not, at any time, discuss or disclose (including, without limitation, any member of the media or by posting) or otherwise publicize the negotiation or terms of this Agreement (including, without limitation, the monetary components of this Agreement), or the underlying facts and circumstances to the claims raised in the Action, except with his spouse (if applicable), attorneys and/or financial advisors, and only after informing them of his confidentiality obligations and only to the extent necessary to enforce the terms and conditions of this Agreement, or as otherwise required by law, or pursuant to a valid subpoena, discovery notice, demand, or Court order or process, except to the extent provided in Section 5.9 below.

5.9     Disclosures Permitted under this Agreement.  Villanueva, his attorneys and/or financial advisors may disclose the financial and tax related terms and conditions of this Agreement to Villanueva's insurers, auditors, accountants, attorneys, representatives of the Internal Revenue Service, the Franchise Tax Board or any other agency responsible for the collection of local, state or federal taxes to the extent necessary for tax and tax related purposes, or as otherwise required by law or legal process.

5.10    Confidential Information.  Except as provided in Section 5.9 above, Villanueva shall not, at any time during or after the term of this Agreement, in any manner, either directly or indirectly, divulge, disclose or communicate to any person, firm, corporation, partnership, association, governmental agency or other entity, or use for Villanueva's own benefit or the benefit of any person, firm, corporation, partnership, association, governmental agency or other entity, and not for the benefit of Defendants, its subsidiaries or its affiliates, any Confidential Information or any other confidential or proprietary information concerning Defendants, its subsidiaries or its affiliates.  For purposes of this Agreement, the term "Confidential Information" shall include, without limitation, the following types of information or material, both existing and contemplated, regarding Defendants or its parents, subsidiaries, direct and indirect affiliated corporations and other entities:  corporate information, including plans, strategies, policies, resolutions, drawings, designs, proposals and any litigation or negotiations; marketing information, including marketing and sales plans, strategies, methods, customer and/or supplier information, customer contracts, pricing information, prospects or market research data; financial information, including cost and performance data, debt arrangement, equity structure, investors and holdings; operational and scientific information, including trade secrets, confidential processes, specifications, expertise, techniques, inventions, concepts, ideas and technical information; and personnel information, including personnel lists, resumes, personnel data, organizational structure, compensation structure and performance evaluations.

5.11    Enforcement.  The Parties specifically agree that the confidentiality and non-disclosure provisions contained in this Agreement are material terms, and that any disclosure of any Confidential Information or the terms of this Agreement by Villanueva or any other person bound by these confidentiality conditions and/or non-disclosure provisions shall constitute a material breach of this Agreement.  In the event it is proven that Villanueva has breached the

obligation of the confidentiality provisions contained herein, Defendants will suffer damages in an amount which will be impractical or extremely difficult to ascertain, and Villanueva hereby acknowledges and agrees that any breach of this provision will cause damage to Defendants in an amount or amounts difficult to ascertain.  Accordingly, in addition to any other relief to which Defendants may be entitled, they shall be entitled to injunctive relief as may be ordered by any court of competent jurisdiction to prevent violation of this provision, without proof of actual damages.

       5.12    <u>Entire Agreement</u>.  This Agreement constitutes the final and entire agreement between the Parties hereto pertaining to the subject matter hereof and supersedes all prior and contemporaneous negotiations, discussions, agreements and understandings of the Parties, whether oral or written, with respect to such subject matter.

       5.13    <u>Severability</u>.  The Parties agree and acknowledge that this Agreement shall be governed by and construed in accordance with the laws of the State of New York, and that if any provision of this Agreement is determined to be illegal or unenforceable, such determination shall not affect the balance of this Agreement, which shall remain in full force and effect and such invalid provision shall be deemed severable.

       5.14    <u>Binding Effect</u>.  This Agreement shall inure to the benefit of, and shall be binding upon the Parties hereto and their respective legal representatives, including the Parties' successors and assigns, past and present parents, subsidiaries, affiliates, predecessors, successors, assigns, officers, directors, employees, attorneys, agents, representatives, heirs, executors, guardians ad litem and administrators, and each of them.

       5.15    <u>Authority</u>.  Each of the Parties represents and warrants that its respective signatory has full authority to bind each of them to the terms and conditions of this Agreement. All business entities executing this Agreement represent and warrant that their signatories' authority has been validly obtained in accordance with the applicable articles of incorporation and bylaws and the laws of the state in which the entity is incorporated, if necessary.

       5.16    <u>No Liens or Encumbrances</u>.  Villanueva and Villanueva's counsel expressly represent and warrant that Villanueva and Villanueva's counsel have not assigned or transferred or purported to assign or transfer to any person, firm, corporation, or other entity any claim, demand, right, damage, liability, debt, account, action, cause of action, or any other matter released herein.  Villanueva and Villanueva's counsel expressly represent and warrant that there is no lien, writ or other encumbrance upon the Settlement Funds.

       5.17    <u>Jointly Negotiated</u>.  Each of the Parties acknowledges that this Agreement was jointly negotiated and reviewed and approved by them and their respective attorneys of record. The Agreement shall not be construed against any party solely by virtue of any party having drafted this Agreement.

       5.18    <u>Applicable Law</u>.  This Agreement shall be deemed to have been executed and delivered in the State of New York, and the rights and obligations of the Parties hereto shall be construed and enforced in accordance with, and governed by, the laws of the State of New York.

5.19    Villanueva acknowledges and understands that the Agreement as set forth herein is intended to be legally binding and enforceable.  Villanueva acknowledges that he is entering into this Agreement voluntarily and has hereby been informed of his right to consult with legal counsel of his own choosing and has been advised to do so before executing this Agreement.  Villanueva acknowledges that he has consulted with his attorneys and has received all of the advice he deems appropriate before entering into this Agreement.

5.20    This Agreement is binding on Villanueva and his successors, assigns, heirs, executors, administrators, and legal representatives.

5.21    <u>Consideration and Revocation Periods</u>.  The Parties agree that they are entering into this Agreement willingly and without any coercion or duress.  Prior to signing this Agreement, Villanueva has considered the terms or conditions of confidentiality of the underlying facts and circumstances of the allegations of discrimination for at least twenty-one (21) days, and such terms or conditions are the preference of the Parties.

For a period of seven (7) days following Villanueva's execution of this Agreement, Villanueva may revoke this Agreement, and the Agreement shall not become effective or be enforceable until such revocation period has expired.  Villanueva may only revoke this Agreement in writing by promptly delivering to Defendants, through its counsel, a written revocation.

**[Signatures on following page]**

IN WITNESS HEREOF, the subscribing parties hereby agree to the above terms:

**THIS AGREEMENT AND GENERAL RELEASE INCLUDES
A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**


Dated: _____          _____
                          Brian Villanueva




Dated: 03/15/2020         _____
                          Philip Falcone, individually, and on behalf of FFO Group, LLC

Dated: 03/15/2020         _____
                          Lisa Falcone

IN WITNESS HEREOF, the subscribing parties hereby agree to the above terms:

**THIS AGREEMENT AND GENERAL RELEASE INCLUDES
A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

Dated: MARCH 17, 2020          _____
                               Brian Villanueva


Dated: _____       _____
                               Name:

                               On behalf of FFO GROUP, LLC


Dated: _____       _____
                               Philip Falcone


Dated: _____       _____
                               Lisa Falcone